IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHNNY ALLEN DEMOIS, | ) | Case No. 05-21267-DRD |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| JOHNNY ALLEN DEMOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-02024-DRD |
| | ) | |
| MICHELE FRITZ AND | ) | |
| DAVID BANDRE' | ) | |
| Defendants. | ) | |

## ORDER

The matter before the Court is the joint motion to disqualify attorney Noel (Neal) Bisges ("Attorney Bisges") from representing Johnny Allen Demois ("Debtor") in this adversary proceeding, filed by Michele Fritz and David Bandre' ("Defendants"). For the reasons set forth below, Defendants' motion is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Debtor filed a voluntary Chapter 7 Bankruptcy Petition on May 7, 2005 and received an Order of Discharge on September 15, 2005.[1] Defendant Fritz, Debtor's former spouse, is listed as a creditor in Debtor's schedules. On January 19, 2006, Debtor was served with notice of a suit filed against him in Osage County Small Claims Court by defendant Fritz ("Osage County Suit"). A hearing was scheduled for the Osage County Suit on February 7, 2006. On February

---

[1] The facts recited herein are taken from the pleadings on file and are assumed true for the purpose of ruling on this motion.

3, 2006, Debtor picked up copies of his bankruptcy documents from Attorney Bisges. There is a factual dispute as to whether Debtor informed the Osage County Judge or Defendants of his bankruptcy and discharge order. At the hearing on February 7th, a consent judgment was entered whereby Debtor agreed to pay to defendant Fritz a certain sum of money. At some point after the hearing, Attorney Bisges informed defendant Bandre' by telephone and facsimile, that Debtor had received a discharge in bankruptcy and that a portion of the consent judgment entered by the Osage County Court consisted of a debt that had previously been discharged. On February 9, 2006, Defendants filed a Motion to Set Aside Judgment and a Voluntary Dismissal of the Osage County Suit.

Debtor filed an adversary proceeding seeking damages resulting from Defendants' alleged breach of the discharge injunction. Defendants seek to disqualify Attorney Bisges from representing Debtor in the adversary proceeding on the basis that he is a necessary and material witness in the case and that he is an interested party. Defendants assert that a genuine issue for trial is whether Debtor had a duty to mitigate damages resulting from a breach of the discharge injunction. Defendants believe they will need to call Attorney Bisges as a witness to inquire as to what actions he did, or did not, take to mitigate any damages suffered by Debtor. Defendants further assert that because Attorney Bisges acknowledged in the complaint that he was aware that "there is a real and meaningful possibility of non-collectability" of his attorney's fees, that he became an interested party on the issue of damages.

## II. DISCUSSION

The Model Rules of Professional Conduct as adopted by the Missouri Supreme Court are applicable to attorneys practicing before this Court. *Sturgeon State Bank v. Perkey (In re Perkey)*, 194 B.R. 846 (Bankr.W.D.Mo.1996). Relevant here is the Model Rule of Professional

Conduct set forth in Missouri Sup.Ct.Rule 4-3.7, which states:

>(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
>>(1) the testimony relates to an uncontested issue;
>>
>>(2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>>(3) disqualification of the lawyer would work substantial hardship on the client.
>
>(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Because of the potential for abuse by opposing counsel, motions to disqualify counsel are subject to particularly strict judicial scrutiny. *Harker v. Comm'r. of the Internal Revenue*, 82 F.3d. 806, 808 (8th Cir. 1996); *citing Optyl Eyewear Fashion Int'l Corp.v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir.1985) (*quoting Rice v. Baron*, 456 F.Supp. 1361, 1370 (S.D.N.Y.1978)). Generally, for a lawyer to be disqualified under Rule 3.7, there must be a showing that the proposed testimony is relevant, material, and unobtainable elsewhere. *See Sec. Gen. Life Ins. Co. v. Superior Court*, 718 P.2d 985 (Ariz. 1986); *United States v. Defazio*, 899 F.2d 626 (7th Cir.1990). If the lawyer's testimony would be duplicative or is obtainable from other sources, the lawyer will not be disqualified. *See Mazurkiewicz v. New York City Transit. Auth.*, 806 F.Supp. 1093 (S.D.N.Y.1992) (motion to disqualify denied; conversations about which opponent sought lawyer's testimony were available on tape); *United Food & Commercial Workers v. Darwin Lynch*, 781 F.Supp. 1067 (M.D.Pa.1991) (when evidence concerning interpretation of documents in dispute could be obtained from other sources, no disqualification of lawyer who negotiated agreements and drafted documents).

Defendants reliance on *In re Houchens*, 85 B.R. 152 (Bankr.N.D.Fla.1988), as authority for their argument that Attorney Bisges had a duty to mitigate damages resulting from a violation of the discharge order and as support for their argument for disqualification is misplaced. In *Houchens*, a creditor violated §362 by including a prayer for a deficiency judgment in a complaint for foreclosure and the debtor sought damages for violation of the automatic stay. The Court there found that, although there was technically a violation of the automatic stay, because the violation was unintentional and immediately corrected, holding the creditor in contempt was an inappropriate remedy, but that some award of reasonable attorney's fees was in order. *Id*. at 154. The Court further found that, where the automatic stay had been violated, the debtor's bankruptcy attorney had a duty to mitigate his client's damages. *Id.* Whether a debtor's previous bankruptcy attorney has a duty to mitigate damages resulting from a discharge violation does not appear to be governed by the holding in *Houchens*. Further, neither *Houchens* nor any of the other cases cited by Defendants, provides support for Defendants' argument that Attorney Bisges should be disqualified because he is a necessary and material witness. Even if the Court determines that there exists a duty to mitigate damages resulting from violation of a discharge injunction, the Court does not believe, based on the facts of this matter as the Court now understands them, that testimony regarding whether Debtor's damages were mitigated cannot be obtained from sources other than Attorney Bisges. Here, defendant Bandre' can solicit that information from both his client and the Debtor. In addition, he can himself testify as to what contacts he had with Attorney Bisges. Attorney Bisges is not necessary to establish what actions he did or did not take to mitigate Debtor's damages, as that information is obtainable elsewhere, and therefore his continued representation of Debtor would not constitute a violation of Model Rule of Professional Conduct 3.7.

Although Defendants assert that Attorney Bisges has a conflict of interest, they have failed to identify a factual or legal basis for their assertion. There mere fact that Attorney Bisges states that without an order for attorney's fees in this matter, that he would likely not receive payment for his services, does not itself create a conflict of interest. It is the Debtor who claims to have suffered damages by having incurred fees who seeks recovery, not Attorney Bisges. The fact that Attorney Bisges might have to testify as to the fees incurred by the Debtor would not be grounds for his disqualification. Model Rule of Professional Conduct 3.7(a)(2) specifically states that an attorney may testify as to the nature and value of the legal services rendered.

For all the above reasons, the Court denies Defendants' Joint Motion to Disqualify Plaintiff's Counsel.

DATED:     April 27, 2006                         /s/ Dennis R. Dow
                                         HONORABLE DENNIS R. DOW
                                         UNITED STATES BANKRUPTCY JUDGE

Copies to:

James W. Gallaher, IV
William P. Nacy
Noel Bisges